IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| WILLIAM JAMES JOHNSON, II,<br><br>   Plaintiff<br><br>      v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>    Defendant | Case No. 5:23-cv-00193 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, The Lincoln National Life Insurance Company ("Lincoln"), hereby files this Notice of Removal of this case from the General Court of Justice, Civil Superior Court Division, Wake County, where it is currently pending, to the United States District Court, Eastern District of North Carolina. This case is removable pursuant to 28 U.S.C. § 1331, in that Plaintiff's claims, in whole or in part, arise under the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C. § 1001, *et. seq.*, thus supplying federal question jurisdiction.

Lincoln respectfully shows the Court as follows:

1. Plaintiff instituted this civil action in the General Court of Justice, Civil Superior Court Division, Wake County on or about January 10, 2023. Plaintiff incorrectly named "Lincoln Life & Annuity Distributors, Inc." as the Defendant.

1

2. On March 15, 2023, Plaintiff filed an Amended Complaint (the "Complaint") in the General Court of Justice, Civil Superior Court Division, Wake County. Plaintiff named Lincoln as the Defendant.

3. Lincoln received copies of the Complaint and Summons no sooner than March 16, 2023, via certified mail, addressed to The Lincoln National Life Insurance Company. Copies of all process, pleadings, orders, and other documents that were filed in Wake County Superior Court are attached collectively as Exhibit A. Attached as Exhibits B and C are the Civil Cover Sheet and Supplemental Removal Cover Sheet as required by Local Civil Rule 5.3.

4. Pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after receipt of the initial pleading on which the aforesaid action is based.

5. The United States District Court for the Eastern District of North Carolina is the federal judicial district embracing the General Court of Justice, Civil Superior Court Division, Wake County, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. § 1441(a).

## FEDERAL QUESTION JURISDICTION

6. Plaintiff's claims arise under ERISA.

7. The Complaint alleges that Plaintiff was entitled to benefits under a group long-term disability insurance policy (policy #000010208348) (hereinafter referred to as the "Group Policy") Lincoln issued to Plaintiff's employer, Sports Endeavors Incorporated Inc. ("SEI"). *See* Compl. ¶¶ 6-8 (Exhibit A). Attached as Exhibit D is the Group Policy No. 00010208348 and Certificate/Summary Plan Description. SEI purchased the Group Policy from Lincoln for the benefit of SEI employees. The Employee Retirement Income Security Act of 1974 ("ERISA")

§3(1), 29 U.S.C. §1002(1) applies where, as here, benefits are provided under "a plan, fund, or program . . . established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of . . . disability . . ." 29 U.S.C. § 1002(1). Accordingly, the Group Policy is part of an employee welfare benefit plan as defined by ERISA. *See* 29 U.S.C. § 1002(3).

8. Plaintiff is claiming entitlement to ERISA-regulated benefits in that he seeks to recover disability benefits allegedly owed to him under the Group Policy. *See* Compl. ¶¶ 8, 17, 18 (Exhibit A). ERISA preempts the state law claims and remedies alleged in Plaintiff's Complaint and provides exclusive remedies for resolution of claims by employee benefit plan participants and beneficiaries relating to an ERISA plan. *See* ERISA § 502(a)(1), 29 U.S.C. § 1132(a)(1); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987). A cause of action filed in state court which is preempted by ERISA and comes within the scope of ERISA § 502(a)(1)—such as this one—is removable to federal court under 28 U.S.C. § 1441(a) as an action arising under federal law even when the ERISA-related nature of the action does not appear on the face of the Complaint. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).

9. Accordingly, this action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) in that Plaintiff's claims arise under an ERISA-governed benefit plan and Plaintiff's claims come within the scope of ERISA § 502(a), 29 U.S.C. § 1132(a)(1).

10. Pursuant to 29 U.S.C. §§ 1132(e)(1) and (f) and 28 U.S.C. §§ 1331, 1441(a), this Court has original and exclusive jurisdiction over such claims without respect to the amount in

controversy or the citizenship of the parties. Therefore, Lincoln may remove this case to this Court.

## MISCELLANEOUS

11. Written notice of the filing of this Notice of Removal will be given to Plaintiff and, together with copies of the Notice of Removal and supporting papers, will be filed with the General Court of Justice, Civil Superior Court Division, Wake County as provided in 28 U.S.C. § 1446(d).

12. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

13. The allegations of this Notice are true and correct and this cause is removable to the United States District Court for the Eastern District of North Carolina.

14. If any question arises as to the propriety of the removal of this action, Lincoln respectfully requests the opportunity to present a brief and oral argument in support of its position that this cause is removable.

**WHEREFORE,** Lincoln, by and through its counsel, and through the filing of this Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the clerk of the General Court of Justice, Civil Superior Court Division, Wake County, effects the removal of said civil action to this Honorable Court.

This the 13th day of April, 2023.

Respectfully submitted,

/s/ Savannah M. Singletary
Savannah M. Singletary, #58082
O̲GLETREE, D̲EAKINS, N̲ASH, S̲MOAK & S̲TEWART, P.C.
Forum IV
8529 Six Forks Road, Suite 600
Raleigh, NC 27615
Telephone: 919-789-3142
Facsimile: 919-783-9412
Email: savannah.singletary@ogletreedeakins.com

*Attorneys for Defendant The Lincoln National Life Insurance Company*

5

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2023, I electronically filed the within **NOTICE OF REMOVAL** by using the CM/ECF system which will send notification of such filing(s) to all registered participants. I have also deposited a true and correct copy of the same in the United States Mail with adequate First Class postage affixed thereon, addressed as follows:

Saleisha N. Averhart, Esquire, NC Bar No. 40178
Wallis, Bowens, Averhart & Associates, PLLC
5500 McNeely Drive, Suites 101 & 102
Raleigh, NC  27612


Dated:    April 13, 2023

/s/ Savannah M. Singletary
Savannah M. Singletary,  #58082
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Forum IV
8529 Six Forks Road, Suite 600
Raleigh, NC  27615
Telephone:  919-789-3142
Facsimile:  919-783-9412
Email:  savannah.singletary@ogletree.com

*Attorneys for Defendant The Lincoln National Life Insurance Company*